**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **Christopher Counts,** )<br>    **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**A. David Robinson, et al.,** )<br>    **Defendants.** ) | 1:19cv91 (AJT/IDD) |

**MEMORANDUM OPINION**

Proceeding pro se, Christopher Counts, a Wyoming inmate currently incarcerated in Virginia pursuant to the Interstate Corrections Compact ("ICC"), initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, alleging that his right of access to the courts and to practice Satanism have been abridged in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA), see 42 U.S.C. §2000cc et seq. See [Dkt. No. 1]. By Order dated April 8, 2020, the Court denied Counts' access to the courts claim and directed the defendants to answer Counts' constitutional and RLUIPA claim over his right to practice Satanism. Defendants have filed a motion for summary judgment, supported by an affidavit with exhibits attached.[1] Counts has been afforded the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has responded and also filed a motion for summary judgment of his own, also supported by exhibits and an affidavit. Accordingly, this matter is now ripe for disposition. For the reasons that follow, defendants' motion for summary judgment will be granted in part and denied in part, and plaintiff's motion for summary judgment will be denied.

---

[1] Counts objection [Dkt. No. 30] to defendants' motion for extension of time to file an answer will be denied as moot.

In his amended complaint, Counts alleged that Virginia Department of Corrections ("VDOC") defendants A. David Robinson, Harold W. Clarke, Israel Hamilton, William Jarratt, Gregory L. Holloway, William Jackson, and Ms. Witt unlawfully impeded his exercise of his religion as a Satanist in violation of his First, Fifth, Eighth, and Fourteenth Amendment rights, as well as RLUIPA.  [Dkt. No. 9 at 6].  Specifically, he claims that the VDOC

- refused to recognize Satanism as a religion;
- placed the Satanic Bible and Satanic Rituals Bible on the banned books list;
- does not allow plaintiff to possess Satanic ritual items for group and individual worship;
- denies plaintiff Satanic group and individual worship;
- is guilty of Theological Discrimination in violation of the Free Exercise Clause of the First Amendment;
- violates freedom of the press by banning books;
- denies plaintiff the right to petition the government for redress of grievances;
- has deprived plaintiff of life, liberty, or property without due process of law under the Fifth and Fourteenth Amendments;
- has inflicted cruel and unusual punishment in violation of the Eighth Amendment; and
- denied plaintiff equal protection in violation of the Fourteenth Amendment.

[Dkt. No. 9 at 6-16].  Counts seeks monetary damages in the amount of $171,000, punitive damages, and injunctive relief in the form of an order directing that he be transferred back to Wyoming so that he may practice Satanism and possess his religious items.  [Dkt. No. 9 at 22].

## I. Facts

*A. Agreed Facts*

Counts was confined at the VDOC's Sussex I State Prison ("SISP") from March 15, 2016 through February 21, 2020 when he was transferred to Red Onion State Prison ("ROSP"). Counts currently remains confined at ROSP.  [Dkt. Nos. 43-1 at 2; 46 at 1-2].  Defendant Robinson is the VDOC's Chief of Corrections Operations; Defendant Clarke is the Director of

the VDOC; Defendant Hamilton is the former Warden at SISP (currently the Warden at Bland Correctional Center); Defendant Jarratt is the former Assistant Warden at SISP (currently the Assistant Warden at Nottoway Correctional Center); Defendant Witt is the Grievance Coordinator and supervises the law library at SISP; Defendant Holloway is the Regional Operations Chief for the VDOC; and Defendant Jackson is the former Chaplain at SISP. [Dkt. Nos. 43 at 4; 46 at 2-3].

VDOC Operating Procedure ("OP") 841.3, effective December 1, 2019, sets for the VDOC's current policy governing Offender Religious Programs and applies to all VDOC's facilities. This operating procedure establishes protocols to provide reasonable opportunities for offenders to voluntarily pursue religious beliefs and practices subject to concerns regarding facility security, safety, order, space and resources. The VDOC policy gives no preference to the activities of one religious denomination, faith, or sect over another. [Dkt. No. 43-1 at 5].

The VDOC has recognized specific religions that are allowed to meet in the VDOC facilities without further review and approval of the Faith Review Committee ("FRC") and the Chief of Corrections Operations (Defendant Robinson). The FRC is a panel of representative VDOC staff who serve in an advisory and decision-making capacity regarding religious accommodations as it relates to, and impacts on, security and legitimate penological interests of the VDOC. [Dkt. Nos. 43-1 at 5; 46 at 3].

Satanism is not currently a religion approved by the VDOC. Offenders may request approval for a religion not currently recognized by the VDOC by submitting a Request for Recognition of a Religion form to the facility unit head (Warden). The Request for Recognition of a Religion must be complete, as well-documented as possible, and include any relevant supporting documentation. The Warden reviews the request to ensure that it is complete and to

3

confirm that the requested religion is not currently on the list of religions approved to operate in VDOC facilities. The Warden will then document their recommendation on the Request and forward it, along with the offenders' supporting documentation, to the FRC. The FRC will then make a recommendation to the Chief of Corrections Operations who makes the final decision to approve or disapprove the religion. [Dkt. Nos. 43-1 at 5; 46 at 3].

The VDOC policy allows inmates to practice their religion either individually or as a group through participation in scheduled religious activities, unless the religious practice or activity presents a threat to the safety of others involved or disrupts facility order. OP 841.3 provides that the minimum number of offenders required to establish, maintain, and hold a religious activity at a facility for a recognized religion is two. Group services would not be offered for one offender.

*B. Disputed Facts*

The VDOC defendants assert that based upon their records, Counts has not requested approval of Satanism as a religion within the VDOC, nor has any other offender. The defendants rely upon an affidavit from Bernard Morris, the VDOC's Religious Advisor. Morris' affidavit states that the VDOC has no record of receiving a request or any correspondence from Counts regarding his request that Satanism be recognized as a religion. [Dkt. No. 43-1 at 5].

Counts, however, states that he has submitted requests. Counts avers that he submitted a request for Recognition of Religious Group to the chaplain at SISP, and that he filed a grievance regarding no action on the request on July 31, 2018. The grievance stated that Counts wanted "to be able to obtain religious services to practice my faith, which is Satanism/Satanic on the same basis as anyone else as well as purchase religious items the same as anyone else." [Dkt. No. 46-1 at 17]. The response did not address the submission of the request form and instead stated

that Satanism is not an approved religious group and concluded the grievance was unfounded. [Id. at 19]. In his appeal, Counts specifically referenced the submission of the request form and listed specific religious items he was prohibited from possessing. [Id. at 20]. Defendant Holloway denied Counts appeal, upholding the unfounded determination. [Id. at 21].[2]

On February 7, 2018, Counts claims to have submitted an informal complaint stating that he had given a "Recognition of Religious Group Form" to Sgt. Willis who sent the form to the chaplain on February 2, 2018. [Id. at 38]. The complaint stated that Counts had submitted the form in order to get his religion, Satanism, recognized so that he could practice his religion as he had done in Wyoming before he was transferred to the VDOC. Chaplain Jackson responded on February 21, 2018 that "Satanism is not among the religions approved to operate in DOC facilities" but did not mention the form. [Id.]. Counts filed a grievance on February 28, 2018 reiterating the same point, that he had submitted a request form to the chaplain to obtain recognition of Satanism on February 2, 2018, through Sgt. Willis. The grievance form was marked received on March 6, 2018 and was denied because the filing period had expired on March 3, 2018. Counts avers that he turned in his grievance on February 28, 2018. [Id. at 42-43]. Counts' asserts that the defendants have manipulated the grievance system to avoid considering his request for recognition of Satanism as a religion and denied him his religious materials that he needs for individual worship. [Dkt. No. 46 at 3].[3]

---

[2] Defendants have also not attached a copy of the version of OP841.3 that set forth policy and procedures prior to December 1, 2019.

[3] Counts also asserts in his motion for summary judgment that his transfer to Red Onion was in retaliation for him filing this lawsuit. [Dkt. No. 46 at 4]. This allegation is not a claim in this civil action. If Counts intends to pursue such a claim, he must seek to amend his lawsuit to include the claim. As with any claim, it must be supported by facts and not speculation.

5

Counts also disagrees with the defendants' assertion that they have not prevented him from practicing his faith in his cell. [Dkt. Nos. 43-1 at 6; 46 at 3-4]. Counts asserts that he needs his religious items in order to practice his religion and the defendants have denied those items to him.

## II. Standard of Review

"When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, LLC, 630 F.3d 351, 354 (4th Cir. 2011). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment has the initial burden to show the absence of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Parties asserting that a fact cannot be or is genuinely disputed must comply with the requirements of Fed. R. Civ. P. 56(c) and Local Civ. R. 56(B).

## III. Defendants' Motion for Summary Judgment

### A. *Official Capacity Claims*

The amended complaint makes clear that Counts seeks to sue the named defendants in both their official and individual capacities. [Dkt. No. 9 at 6]. The defendants' motion for summary judgment on Counts' claims for money damages against all the defendants in their official capacity is well taken because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71

(1989). [Dkt. No. 43 at 7]. In addition, the Fourth Circuit has concluded that, because RLUIPA does not waive the Eleventh Amendment immunity of the States, it "does not authorize claims for money damages against an official who is sued in [his or] her official capacity." Rendelman v. Rouse, 569 F.3d 182, 187 (4th Cir. 2009) (citing Madison v. Virginia, 474 F.3d 118, 131 (4th Cir. 2006)); see Sossamon v. Texas, 563 U.S. 277, 285-86 (2011) (finding damages not recoverable against defendants in official capacities under RLUIPA). This portion of defendants' motion for summary judgment shall be granted.

    *B. Monetary Damages – Individual Capacity (RLUIPA)*

Defendants next seek summary judgment on acts committed by them for which Counts seeks to recover monetary damages under RLUIPA. [Dkt. No. 43 at 8]. Contrary to plaintiff's position, RLUIPA does not provide for monetary damages against defendants in their official or individual capacities. Counts, therefore, has no damages remedy available under RLUIPA. Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009) (individual capacity); Wall v. Wade, 741 F.3d 492, 496 n.5 (4th Cir. 2014) (official capacity). This portion of defendants' motion for summary judgment shall be granted.

    *C. Injunctive Relief (RLUIPA)*

Defendants move for summary judgment in their favor asserting that the individual defendants "would not have the authority to perform the requested actions," and therefore any claim for injunctive relief should be dismissed. [Dkt. No. 43 at ] (citing Chadwell v. Brewer, 59 F. Supp. 3d 756, 761 (W.D. Va. 2014)). Counts responds that either defendant Clarke or his designee can act to initiate the process by which Counts would be transferred back to Wyoming where he can practice Satanism. [Dkt. No. 46 at 5-6]. Counts' point simply underscores that should the Court determine that he is entitled to injunctive relief, it would be available against

defendant Clarke in his official, not individual, capacity.  See Lovelace v. Lee, 472 F.3d 174, 193-94 (4th Cir. 2006) (noting while certain remedies are unavailable to plaintiff, claims for injunctive relief is available under § 1983 and RLUIPA against appropriate officials in their official capacities).  This portion of defendants' motion for summary judgment shall be granted.

### D. Mootness

The defendants next seek to have Counts' claim for injunctive relief declared moot because he was transferred to ROSP and he has not submitted a request to have the VDOC recognize Satanism as a religion since his transfer. [Dkt. No. 43 at 8-9].  Defendant's motion is not well taken.  VDOC OP 841.3 does not operate institution by institution, but applies to all institutions, a point which Counts raised in his opposition to the motion for summary judgment [Dkt. No. 46 at 6].  VDOC OP 841.3 contains a list of religions that are approved to operate in VDOC facilities.  [Dkt. No. 43-1 at 25].  The transfer to ROSP does not moot Counts First Amendment or RLUIPA claims.  This portion of the motion for summary judgment will be denied.

### E. Free Exercise/RLUIPA

"In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." See Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018).  Plaintiff alleges a sincere belief and has provided specific burdens he alleges the defendants have placed upon him.  See also Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019) ("First Amendment does not provide as great a protection for inmates' religious exercise as does RLUIPA.") (citation omitted); but see DeHart v. Horn, 227 F.3d 47, 50-51 (3d Cir. 2000) (en banc) ("Nevertheless, the fact of

8

incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates [and] a prison inmate 'retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'") (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)); McCorkle v. Johnson, 881 F.2d 993, 996 (11th Cir. 1989) (prison restriction on possession of Satanic Bible and practice of Satanism reasonably related to valid penological interests).

Defendants assert that they are entitled to summary judgment because the "undisputed evidence demonstrates that Counts never requested that Satanism be approved as a recognized religion as required under OP 841.3." [Dkt. No. 43 at 9]. Defendants state, via Gregory's affidavit, that they have "no record of receiving *a Request or any correspondence* from Counts regarding his request that Satanism be recognized by the VDOC as a religion." [Id. at 11]. As pointed out in the discussion of the facts, it is clear that there is a dispute of fact as to whether Counts submitted a request or wrote any letters requesting Satanism be recognized as a religion. Counts asserts that he has requested recognition of Satanism as a religion and has provided documents in support of his assertion that include letters that he avers that he sent to various defendants about his effort to get Satanism recognized by the VDOC.[4]

The defendants have not questioned the sincerity of Counts' religious beliefs but argue that requiring him to submit a request is not "a prison practice or policy places a substantial

---

[4] Despite providing specifics and the name of the correctional officer that Counts avers he handed his request form to on February 2, 2018, see Houston v Lack, 487 U.S. 266, 276 (1987), defendants have not addressed Counts claim. Further, despite Counts providing copies of letters he avers he mailed to several of the defendants, the defendants rely on an affidavit of a chaplain, who is not directly involved in Counts' complaints, to aver that there is no correspondence related to Counts' requests for recognition. Curiously, the defendants rely only on Gregory's affidavit even though Gregory is not a defendant in this matter.

burden on his ability to practice his religion," see Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018), which applies both to a § 1983 First Amendment claim as well as RLUIPA. Wright v. Lassiter, 921 F.3d 413, 419 (4th Cir. 2019) (a plaintiff alleging a First Amendment claim and a violation of RLUIPA "must show that the Defendants' policies are the cause of the alleged burden on his exercise of religion."). The defendants assert submitting a request was not a substantial burden and that the "undisputed evidence presented by the Defendants demonstrate that Satanism is not a religion approved by the VDOC and that is why the chaplain denied Counts' request to engage in satanic services at Sussex I." [Dkt. No. 43 at 11].

The defendants' argument ignores that Counts disputes the fact upon which the argument is based because Counts avers that he has repeatedly tried to talk to the chaplain about getting Satanism recognized as a religion, that Counts has written to the chaplain about having Satanism recognized as a religion, and that Counts has submitted a request form seeking to have Satanism recognized as a religion but there has been no response to his request. Plaintiff's averments are corroborated by various documents. Counts' arguments have some support in that the response of the chaplain's response does not address the recognition but simply states what Counts already knew — that Satanism was not a recognized religion within the VDOC. [Dkt. No. 43-1 at 27-30]. The incongruency between the grievance and the response, as well as the response on the appeal, is apparent. The fact that the responses by defendants Jackson and Holloway do not address Counts requests to have Satanism recognized, and Counts' assertion he complied with VDOC OP 841.3, lends some credence to Counts' assertion the defendants are manipulating the grievance process.

In addition, Counts has averred that he cannot practice his religion in his cell without the denied religious materials and defendants do not address how this alternative allows Counts to

practice his religion in his cell when he is deprived of his religious items. Defendants rely on their allegation that Counts' failure to submit a request form precludes him from proving his claim.[5] Viewing the evidence in the light most favorable to Counts, this portion of defendants' motion for summary judgment will be denied because there is a clear dispute of facts as to whether defendants' actions have imposed a substantial burden on plaintiff's ability to practice his religion.

### F. Defendants Jarratt and Witt

Defendants Jarratt and Witt move for summary judgment asserting that neither of them had any involvement in the First Amendment and related RLUIPA claims. Counts did not address this portion of the motion in his opposition to the motion for summary judgment and his motion for summary judgment does not address either Jarratt or Witt. A review of the allegations in the amended complaint [Dkt. No. 9 at 9-12] indicates the actions alleged against each concerned Counts' access to the courts claim that was dismissed on April 8, 2020. [Dkt. No. 21]. Accordingly, Jarratt's and Witt's motions for summary judgment will be granted.

### G. Clarke, Robinson, Holloway, and Jackson

The remaining defendants also seek summary judgment asserting the allegations against them are insufficient as a matter of law. Each will be addressed in turn.

Director Clarke has not denied receiving the letters Counts wrote to him and is a proper party should injunctive relief be granted. See Fauconier v. Clarke, 966 F.3d 265, 281 (4th Cir. 2020) (finding court erred in dismissing Director since inmate was transferred to another

---

[5] While Defendants do not characterize this argument as an accommodation, interestingly Counts has expressly proposed as an accommodation that the VDOC transfer him back to Wyoming where he is free to practice Satanism and possess his religious items. [Dkt. No. 46 at 12].

institution because policy overseen by the Director at issue applied to all institutions with the department and that prospective injunctive relief may be necessary if the inmate prevails). To be sure, VDOC policy requires that there be at least two inmates within the VDOC in order to obtain approval for group services and Counts has averred that he cannot practice Satanism by himself without his religious items. As noted, the evidence is in dispute on whether Counts submitted the request form and Clarke has not denied knowledge of the facts alleged by Counts that, in the light most favorable to Counts, show that Counts has been denied the opportunity to have his request considered and that the grievance policy has been manipulated to prevent any such consideration.

Defendants Robinson and Jackson are part of the approval process for recognition of a religion and defendants' motion for summary judgment concedes that each could be "involved at some stage of the process when a Request is submitted," and that "there is no evidence that Robinson or Jackson took any direct actions in this case to violate Counts' rights." The evidence is in dispute as to whether a request was submitted, and it is clear that neither defendant has made any attempt to accommodate Counts' desire to practice his religion. Further, despite Counts' efforts, the defendants have denied Counts the items he needs to practice his religion alone. Defendants have not addressed the requested items or explained why each has been denied.

Defendant Holloway argues that his involvement was to simply "rubberstamp" Counts appeal from the denial of his grievance. As noted, the evidence is in dispute as to whether a request was submitted, and Holloway has not addressed the allegation that the grievance process was manipulated to prevent consideration of the request form. The record might shed more light on this dispute if somewhere along the line of any of the responses to the grievances had

addressed the assertion that Counts submitted a request form but had never heard back. The motions for summary judgment by Clarke, Robinson, Holloway, and Jackson will be denied.

### IV. Plaintiff's Motion for Summary Judgment

Counts alleges that he is the only Satanist in the VDOC, that he will never be allowed to have group services, and that the Satanic Bible and Satanic Rituals Bible (two of the religious items he seeks) are banned from VDOC facilities. [Dkt. No. 46 at 11]. Counts argues that sending him back to Wyoming is the least restrictive means of allowing him his religious freedom and that the defendants have the authority to do so and have not acted. Underlying Counts' motion are the disputed facts surrounding the submission of requests to recognize Satanism as a religion. Consequently, plaintiff's motion for summary judgment will be denied.

### IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted with respect to monetary damages against defendants sued in their official capacity; monetary damages for the alleged RLUIPA violation; injunctive relief with regard to defendants sued in their individual capacity for the alleged RLUIPA violation; denied with respect to mootness; defendants Jarratt and Witt's motion for summary judgment will be granted; defendants Clarke, Robinson, Holloway, and Jackson's motions for summary judgment will be denied; and plaintiff's motion for summary judgment will be denied. An appropriate Order will issue alongside this Memorandum Opinion.

Entered this 22nd day of Jan., 2021.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge